# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| LEIDSEPLEIN PRESSE, B.V., a | ) | |
| NETHERLANDS CORPORATION f/s/o | ) | |
| "AC/DC", | ) | |
| | ) | |
| Plaintiff, | ) | Case No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| VARIOUS JOHN DOES, JANE DOES, AND | ) | |
| XYZ COMPANIES, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Leidseplein Presse, B.V., a Netherlands Corporation f/s/o "AC/DC" ("Plaintiff"), by its attorneys Loeb & Loeb LLP, complaining of defendants herein, alleges as follows:

## NATURE OF THE ACTION

1.      This action arises under the Lanham Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.* (the "Lanham Act"), the Illinois Right of Publicity Act, 765 ILCS 1075, the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2; the Illinois Consumer Fraud and Deceptive Business Practice Act, 815 ILCS 505/2; and for misappropriation and unfair competition under Illinois common law.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction of the claims herein pursuant to Sections 1331, 1332 and 1338 of the Judicial Code, 28 U.S.C. §§ 1331, 1332 and 1338, and through the Court's pendent jurisdiction.  Venue is proper under 28 U.S.C. § 1391 because the defendants are subject to personal jurisdiction in this district.

## PARTIES

3.    Plaintiff Leidseplein Presse, B.V., is a Netherlands Corporation f/s/o "AC/DC". Plaintiff possesses the exclusive rights to and is engaged in the commercial exploitation of the musical performing group known as AC/DC (the "Artist"), and possesses the exclusive right to use, or authorize the use of, the Artist's name, logos, likenesses and trademarks (collectively, the "Trademark") in connection with the production, distribution and sale of various types of music-related merchandise.

4.    Plaintiff owns marks for "AC/DC" consisting of the letters and symbols "AC/DC" in Gothic font, with a lightning bolt representing the slash, which are registered on the principal register of the United States Patent and Trademark Office, in connection with their use in various goods and services.

5.    Plaintiff sells, and licenses the sale of, merchandise through retail establishments and at concert performances of the Artist.  The merchandise sold by Plaintiff at the Artist's concerts includes, without limitation, tour and program books, T-shirts, jerseys, sweatshirts, hats, visors, buttons, and posters (collectively, the "Tour Merchandise").  Plaintiff is the exclusive owner and holder of rights to sell Tour Merchandise in the vicinity of the Artist's concert performances on its current North American concert tour (the "Tour").  The Artist's name has been used for years to identify it as a rock music group in all phases of the entertainment industry and to distinguish the Artist from all other such groups.

6.    The identities of John and Jane Does 1-100, and XYZ Companies 1-100 are not presently known and this Complaint will be amended to include the names of such individuals and entities when identified.  Upon information and belief, defendants will be present in and about the Northern District of Illinois, in connection with the Artist's concert scheduled to be

2

held at the United Center in Chicago, Illinois on February 17, 2016 (the "Illinois Concert"). Defendants, therefore, will be subject to this Court's jurisdiction.

## COUNT I – VIOLATION OF THE LANHAM ACT

7.      Plaintiff repeats and realleges each allegation set forth in paragraphs 1 through 5 above.

8.      The Artist has used its inherently distinctive name and Trademark to identify officially authorized goods and services and to distinguish the Artist from other musical performing groups.  The Artist has, among other things, prominently displayed the Trademark in advertising and promotional material and on compact disc and audiotape packaging and merchandise, including Tour Merchandise.  Plaintiff and the Artist have realized, and expect to realize, substantial income from the sale of merchandise bearing the Artist's Trademark (including the Tour Merchandise), and thousands of such items have been sold throughout the United States.

9.      As a result of the foregoing, the Artist's Trademark has developed and now possesses secondary and distinctive meaning to purchasers of the Tour Merchandise.

10.     The Artist has achieved wide renown during its career in the music industry.  The Artist's Trademark has been used in interstate commerce on and for the purpose of identifying, among other things, Tour Merchandise, including T-shirts and other apparel.

11.     The Artist has a decidedly strong and loyal following among concert-goers, radio listeners and music purchasers.  The Artist has appeared -- and will appear -- in concerts at major arenas and stadiums in the United States and around the world and has been seen and heard in concert by hundreds of thousands of popular music enthusiasts.

12.     The Artist's current Tour commenced on February 2, 2016, at the Tacoma Dome in Tacoma, Washington, and has continued on to performances In Las Vegas, Nevada on February 5, 2016, and Denver, Colorado on February 8, 2016.  The tour includes the February 17, 2016 concert at the United Center in Chicago, Illinois, and will continue thereafter at major arenas and stadiums throughout the United States, including in concerts in Dallas, Houston, Washington, D.C., Detroit, Philadelphia and New York.  The Tour will continue to major cities in Europe at least through June 2016.

13.     Plaintiff intends to sell, and to license the sale of, Tour Merchandise at or near the site of the Artist's concerts, including at the Illinois Concert.

14.     Upon information and belief, defendants have engaged, and will continue to engage, in the unauthorized manufacture, distribution and sale of inferior merchandise bearing the Artist's Trademark (the "Bootleg Merchandise") in the vicinity of the Artist's concerts. Plaintiff believes that the defendant bootleggers and counterfeiters will sell -- or attempt to sell -- Bootleg Merchandise at the Illinois Concert and at subsequent concerts during the Tour.

15.     The Bootleg Merchandise is of the same general appearance as the Tour Merchandise and is likely to confuse prospective purchasers as to the source or sponsorship of such Bootleg Merchandise.

16.     Upon information and belief, the Bootleg Merchandise is generally of inferior quality.  The sale of such merchandise is likely to injure the reputation of the Artist and Plaintiff, which has developed by virtue of the Artist's public performances and the reputation for high quality associated with the Tour Merchandise.

17.     The manufacture, distribution and sale of Bootleg Merchandise by defendants, and those acting in concert with defendants, constitutes a false designation of the source of origin

4

of such goods and falsely describes and represents such merchandise, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

18.    The aforesaid acts by defendants, and those acting in concert with defendants, are likely to cause the purchasing public to believe that the sale of such Bootleg Merchandise is authorized, sponsored or approved by the Artist and Plaintiff and that such Bootleg Merchandise is subject to the same quality control and regulation required by the Artist and Plaintiff.

19.    The use by defendants and others of the Artist's Trademark constitutes an attempt to palm off and appropriate to themselves the Artist's and Plaintiff's exclusive rights therein.

20.    Upon information and belief, defendants, and those acting in concert with defendants, have engaged -- and will continue to engage -- in such unauthorized activities in this state and elsewhere in interstate commerce and, unless enjoined, are likely to continue such activities throughout the Tour, to the great injury of Plaintiff and the Artist.

21.    Plaintiff has no adequate remedy at law and has suffered, and will continue to suffer, irreparable harm and damage as a result of defendants' aforesaid acts, which, if not enjoined, will cause injury and monetary loss in an amount presently incalculable.

## COUNT II - UNFAIR COMPETITION

22.    Plaintiff repeats and realleges each allegation set forth in paragraphs 1 through 20 above.

23.    Upon information and belief, the aforesaid acts by defendants and others have been, and will continue to be, committed with full knowledge of the rights of Plaintiff and the Artist, and have the effect of misleading and confusing the public and misappropriating and trading upon the property rights, goodwill and reputation inhering to the name and likeness of the Artist.

24.     Such misappropriation and unfair competition will interfere with Plaintiff's rights and ability to exploit the commercial value of the Artist's Trademark.

25.     Plaintiff has no adequate remedy at law and has suffered, and will continue to suffer, irreparable harm and damage as a result of defendants' aforesaid acts, which, if not enjoined, will cause injury and monetary loss in an amount presently incalculable.

### COUNT III - RIGHT OF PUBLICITY

26.     Plaintiff repeats and realleges each allegation set forth in paragraphs 1 through 25 above.

27.     By virtue of the expenditures of time, effort and talent by the Artist and Plaintiff in advertising, publicizing and promoting the accomplishments of the Artist and through extensive commercial exploitation of its public persona, the Artist and Plaintiff have created rights of publicity in the Artist's name and likenesses.

28.     By virtue of assignment from the Artist, Plaintiff is the owner of the Artist's (and its individual members) rights of publicity in their names and likenesses.

29.     Defendants have used, and will continue to use, the Artist's Trademarks without authorization and for purposes of trade and for other commercial purposes.

30.     The aforesaid uses of the Trademark by defendants constitute infringements of such rights of publicity.

31.     Plaintiff has no adequate remedy at law and has suffered, and will continue to suffer, irreparable harm and damage as a result of defendants' aforesaid acts, which, if not enjoined, will cause injury and monetary loss in an amount presently incalculable.

## COUNT IV - MISAPPROPRIATION OF THE RIGHT OF PUBLICITY

32.     Plaintiff repeats and realleges each allegation set forth in paragraphs 1 through 31 above.

33.     By virtue of assignment from the Artist, Plaintiff is the owner of the Artist's (and its individual members') rights of publicity in their names and likenesses.

34.     Defendants have used, and will continue to use, the Artist's Trademarks without authorization and for purposes of trade and for other commercial purposes.

35.     The aforesaid uses of the Trademark by defendants constitute a misappropriation of Plaintiff's rights of publicity.

36.     Plaintiff has no adequate remedy at law and has suffered, and will continue to suffer, irreparable harm and damage as a result of defendants' aforesaid acts, which, if not enjoined, will cause injury and monetary loss in an amount presently incalculable.

## COUNT V - ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

37.     Plaintiff repeats and realleges each allegation set forth in paragraphs 1 through 36 above.

38.     Plaintiff's claim hereunder arises under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2 (the "Deceptive Trade Practices Act").

39.     The aforesaid acts by defendants constitute deceptive trade practices in violation of §§ 2(2), 2(3), 2(5) and 2(12) of the Deceptive Trade Practices Act.

40.     Plaintiff has no adequate remedy at law and has suffered, and will continue to suffer, irreparable harm and damage as a result of defendants' aforesaid acts, which, if not enjoined, will cause injury and monetary loss in an amount presently incalculable.

## COUNT VI - ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICE ACT

41.     Plaintiff repeats and realleges each allegation set forth in paragraphs 1 through 39 above.

42.     Plaintiff's claim hereunder arises under the Illinois Consumer Fraud and Deceptive Business Practice Act, 815 ILCS 505/2.

43.     The aforesaid acts by defendants constitute deceptive business practices in violation of the Illinois Consumer Fraud and Deceptive Business Practice Act, 815 ILCS 505/2.

44.     Plaintiff has no adequate remedy at law and has suffered, and will continue to suffer, irreparable harm and damage as a result of defendants' aforesaid acts, which, if not enjoined, will cause injury and monetary loss in an amount presently incalculable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks relief as follows:

45.     That defendants, their agents, servants, employees, officers, attorneys, successors, and assigns, and all persons acting in concert with defendants, or on their behalf, be enjoined, in this and all other judicial districts in the United States, preliminarily during the course of this litigation and permanently, from:

(a)     manufacturing, distributing, selling, offering for sale, holding for sale or advertising any products bearing the name, trademark, or likeness of the Artist or any colorable variation thereof; and

(b)     representing that any article of merchandise manufactured, distributed, sold, held for sale or advertised by them is sponsored or authorized by Plaintiff in this district or in any other district in which Plaintiff seeks to enforce this Court's injunction order.

46.     That this Court authorize the United States Marshal, authorized agents of Plaintiff, the local and state police, and/or any persons acting under their supervision, to seize and impound any and all Bootleg Merchandise which the defendants attempt to sell, distribute or hold for sale at, within, or in the vicinity of the arenas at which the Artist is performing, before, during or after said concerts.

47.     That defendants deliver up for destruction all Bootleg Merchandise bearing the name, trademark, or likeness of the Artist.

48.     That defendants pay to Plaintiff damages in an amount to be determined based upon Plaintiff's loss of income from defendants' unauthorized activities.

49.     That Plaintiff have such other and further relief as the Court deems to be reasonable, necessary and just.

Date:   February 8, 2016                    Respectfully Submitted,

                                            LOEB & LOEB LLP


                            By:     /s/ *Douglas N. Masters*
                                    Douglas N. Masters
                                    321 North Clark Street, Suite 2300
                                    Chicago, Illinois  60654
                                    Tel.: 312-464-3100
                                    Fax: 312-464-3111
                                    Email:  dmasters@loeb.com

                                    Barry I. Slotnick
                                    Frank D. D'Angelo
                                    LOEB & LOEB LLP
                                    345 Park Avenue
                                    New York, New York 10154
                                    Tel.:  (212) 407-4000
                                    Fax:  (212) 407-4990
                                    Email:  bslotnick@loeb.com
                                    Email:  fdangelo@loeb.com

                                    *Attorneys for Plaintiff*